# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60495
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2019

Lyle W. Cayce
Clerk

EVER FLORES, also known as Ever Flores-Amaya,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 567 720

Before REAVLEY, JONES, and COSTA, Circuit Judges.

PER CURIAM:*

Ever Flores, a native and citizen of Honduras, seeks review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal and affirming the immigration judge's (IJ's) order removing him to Honduras and denying his application for asylum and withholding of removal. Flores's request for relief was based on his claim that he feared being persecuted if he returned to Honduras "based on his familial relationship to his father who's been

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

threatened by his aunt's domestic partner based on an inheritance that [his father] received."

The IJ and the BIA, which affirmed for the reasons set forth by the IJ, assumed that Flores articulated a valid social group, i.e., his membership in his family, but concluded that he nevertheless failed to establish the requisite nexus between that enumerated ground and the harm he feared, finding that the feared harm was based on the land that was inherited. Additionally, the IJ found that Flores "failed to establish the requisite harm sufficient to rise to the level of persecution" and failed to establish not only that his fear of future harm was objectively reasonable but also that he would be harmed by someone that government officials were unwilling or unable to control.

We "review the BIA's decision and only consider the IJ's decision to the extent that it influenced the BIA." *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Because the BIA affirmed the IJ's decision for the reasons stated by the IJ, we may review both decisions. *See id.* We review the finding that an alien is not eligible for asylum or withholding of removal under the substantial evidence standard. *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012); *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Regardless whether Flores can demonstrate a nexus between the alleged harm and an enumerated ground, *see* 8 U.S.C. § 1101(a)(42)(A); *Milat v. Holder*, 755 F.3d 354, 360 (5th Cir. 2014); *see also Sealed Petitioner v. Sealed Respondent*, 829 F.3d 379, 383 (5th Cir. 2016) (noting that an asylum applicant must establish that the enumerated ground "was or will be at least one central reason for persecuting the applicant"), Flores has failed to demonstrate that the evidence compels the conclusion that he was persecuted in the past. There was no evidence showing that the alleged persecution was inflicted by the "government or forces that a government is unable or unwilling to control,"

*Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006), or that Flores has a well-founded fear of future persecution, *see Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005).

The evidence presented during the removal proceedings showed that no one in Flores's family, including Flores's father, was ever physically harmed by the alleged persecutor; that Flores never had any personal contact or communications with the alleged persecutor; and that Flores's father was threatened in person only once and was not injured. Further, according to Flores's testimony, the police responded when they were contacted by his father and not only issued a restraining order against the alleged persecutor but also jailed the alleged persecutor.

Flores has not satisfied his burden of showing that the record compels the conclusion that he is eligible for asylum. Because we conclude that substantial evidence supports the determination that Flores is not entitled to asylum and withholding of removal, *see Morales v. Sessions*, 860 F.3d 812, 817 (5th Cir. 2017) (recognizing that an applicant "who is ineligible for asylum is not entitled to withholding of removal"), Flores's petition for review is DENIED. We do not address Flores's rather disingenuous claim that he is entitled to relief under the Convention Against Torture, given that he expressly denied that he was seeking such relief during the removal proceedings; he raised the issue for the first time before the BIA; and the BIA did not address the issue or consider Flores's eligibility for such relief. *See Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010).

The petition for review is DENIED.